WILLIAM O. CHURCH v. THE ATCHISON, TOPEKA &
SANTA FE RAILROAD COMPANY.

*[Opinion Filed April 4. 1891.]*

1. INSUFFICIENT COMPLAINT.—*Objection to Evidence.* Where the com-
plaint of the plaintiff does not state facts sufficient to constitute a
cause of action and an objection is made by the defendant to tne in-
troduction of any evidence under the complaint for that reason, the
objection to the introduction of evidence should be sustained and the
plaintiff, on application, permitted to amend, on such terms as the
court deems just.

2. CARRIERS.—*Connecting Lines- Last Carriers.* Where property is
delivered to a carrier, consigned to a point beyond its line, and in or-
der to reach the place of destination, such property must pass over the
lines of several connecting carriers, in the absence of any arrangement
constituting the carriers partners or joint undertakers, each carrier is
liable only for loss or injury occurring on its own line, and in the ab-
sence of such partnership or joint arrangement, the last carrier in the
chain of connecting carriers is not liable for property it never received.

*Error From Oklahoma County.*

*R. R. Connella*, for Appellee.

*H. E. Asp*, for Appellant.

The opinion of the court was delivered by

SEAY, J.: This is a case which was brought by the
appellee in Oklahoma county to recover of the defend-
ant $263.25 for the non-delivery of a tool chest and
contents. A trial was had, a verdict and judgment ren-
dered for the appellee for that sum. The plaintiff
brings the case here on appeal and asks for a reversal of
the judgment for various reasons, only one of which it
will be necessary to notice. The plaintiff below went
to trial on the following complaint, to-wit:

" 1. The plaintiff complains of the defendant in the
above entitled cause, for that said defendant, at the
times hereinafter mentioned, was a common carrier of
goods and freights for hire, from Fort Worth, in the

state of Texas, to Purcell, Indian Territory, by its con-
necting line, the Gulf, Colorado & Santa Fe railroad,
and from thence on to Oklahoma City, Oklahoma Ter-
ritory, and from thence on to Wichita, in the state of
Kansas, and said defendant, by its connecting line, the
Gulf, Colorado & Santa Fe road, connected with the
Texas & Pacific Railroad Co. at said city of Fort Worth,.
which said Texas & Pacific railroad is also a common
carrier for hire, and it, and its connecting line of road,.
the Missouri Pacific railroad, is being operated as such
common carrier from said Fort Worth to Little Rock in.
the state of Arkansas.

" 2. On the 13th day of December, A. D. 1889, one
C. H. Whitemore, living and residing in the city of Lit-
tle Rock, Ark., under the instruction of this plaintiff,
did deliver to the Missouri Pacific Railroad company at:
said city of Little Rock, Ark., and said railroad did re-
ceive as such common carrier, on the aforesaid date, one
tool chest, containing sundry goods and articles, an
itemized list of which is hereto attached marked " Ex-
hibit D," and made a part of this petition, said goods
being of the value of two hundred and sixty-three and
25-100 dollars ($263.25); the same to be transported by
said Missouri Pacific railroad and connecting lines of
roads as common carriers, to Wm. O. Church, at Okla-
homa City, Ok. Ty., and there to be in good order de-
livered to said Church, this plaintiff, for a certain re-
ward to be paid by this plaintiff.

" 3. That said Missouri Pacific railroad and its con-
necting line the said Texas & Pacific railroad, did re-
ceive and convey said tool chest and its contents from
Little Rock, Ark., to Fort Worth, Texas, and the agent
of said Texas & Pacific railroad at Fort Worth, Texas,
did, on or about the 23d day of December, 1889, de-
liver, in good order, said tool chest and contents, to this
defendant's connecting line of road, the Gulf, Colorado
& Santa Fe, to be transported over the Gulf, Colorado &
Santa Fe railroad and the Atchison, Topeka &
Santa Fe railroad, and in good order, by them, deliv-
ered to this plaintiff at Oklahoma City, Ok. Ty., for a.
certain reward to be paid to them by this plaintiff.

"4. That on or about the 30th day of December, A..

D., 1889, this plaintiff was notified by defendant's agent at Oklahoma City, Ok. Ty., that such goods were then in the depot and to call and pay the charges and receive the same; this plaintiff sent his drayman for the goods with a check for the charges, which check was received in payment of the freight charges by this defendant, and defendant gave a receipt for said goods, and an order to the freight man for said goods, which goods could not be found, and this defendant failed to deliver said goods to this plaintiff or any part of same, and by said failure on the part of this defendant to deliver said goods to this plaintiff, this plaintiff has suffered a loss in the sum of $263.25.

"5. That said contract for the transportation of said goods was evidenced by a written bill of lading, which this plaintiff is unable to attach to this petition as a part of the same, for the reason that it was turned over to defendant's agents for the purpose of tracing up the goods by, and defendant has failed to return the same to this plaintiff.

"6. This plaintiff has demanded of defendant the value of said goods which defendant refused to pay and has never paid the same or any part thereof, and this plaintiff has been damaged by the loss of said goods in the sum of $263.25."

The defendant answered denying each and every allegation of the complaint, and setting up new matter to which the plaintiff filed his reply. At the threshold of the trial, and before any evidence was introduced, defendant objected to the introduction of any evidence under the pleadings for the reason among others, that "the petition does not state facts sufficient to constitute a cause of action:"

Unless the complaint states a cause of action the objection of the defendant should have prevailed, and the plaintiff, upon request by him, and on such terms as the court should deem just and proper, should have been permitted to amend. The practice, however, of answering a complaint which does not state a cause of action, and then interposing an objection to the intro-

duction of any evidence after a jury has been sworn to try the case, is a bad one and should not be encouraged by the courts. The better practice is to raise such objections by demurrer before any answer is filed, but as the defendant in this case had a right to make the objection before any evidence was given to the jury and did so make it, we think it was the duty of the court to examine and rule upon the objection, and if found to be well taken, to instruct the jury to find for the defendant, unless the plaintiff took a non-suit by leave of the court, before such instruction was given to the jury. The general rule is that every fact necessary to be proven to entitle the plaintiff to recover must be averred in his pleading. Has that rule been observed in this case? There is no allegation in the complaint that the defendant was the agent of the Missouri Pacific or of any of the connecting lines of road. There is no allegation that there was any partnership existing between the defendant and any of the connecting lines of the road. There is no allegation that the defendant was, or became bound by any contract with the Missouri Pacific or any of the connecting lines to carry the freight. And while an inference might be drawn, from what is said to the notice to the plaintiff by defendant's agent, to call at the depot and get the goods, that they had been received by the defendant, which might be held sufficient for judgment, yet there is no affirmative averments that the goods were ever delivered to or received by the defendant, its agents or servants.

While we do not favor too technical a construction of the pleadings and maintain that courts should be liberal in allowing amendments in furtherance of justice, yet, being unable to find that the complaint stated a contract, a partnership or an agency creating any liability on the part of the defendant, or of any receipt of the goods by the defendant, we are of the opinion that the

objection to the introduction of any evidence should be·
sustained.

The judgment of the court is therefore reversed and
the cause remanded with costs.

All the Justices concurring.